IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DARRON D. GREEN, | : | CIVIL NO: 1:16-CV-02292 |
| Plaintiff | : | |
| | : | (Chief Judge Conner) |
| v. | : | |
| | : | (Chief Magistrate Judge Schwab) |
| FELICIA FRANKLIN, *et al.*, | : | |
| Defendants | : | |

**REPORT AND RECOMMENDATION**

**I. Introduction.**

After reviewing the complaint in accordance with 28 U.S.C. § 1915(A), we concluded that the complaint failed to state a claim upon which relief may be granted. *Doc. 7.* We granted the plaintiff, Darron Green ("Green"), leave to file an amended complaint, but he failed to do so. *Id.* Thus, we recommend that the Court dismiss the complaint and close the case.

**II. Factual Background and Procedural History.**

On November 14, 2016, Green initiated this action by filing a complaint (*doc. 1*) and a motion (*doc. 2*) to proceed *in forma pauperis*. Green filed his complaint pursuant to 42 U.S.C. § 1983, naming Felicia Franklin and Brian R.

Sinnett as defendants. On November 23, 2016, Green filed a letter seeking to add the Adams County Department of Probation Services as a defendant. *Doc. 6.*

Green complains that Felicia Franklin, Green's probation officer, falsely imprisoned him as of April 6, 2016, even though his maximum date was March 22, 2016. He claims that Franklin fabricated, falsified, and manipulated documentation in an official proceeding so as to bring her conduct under the 2002 Fraud Accountability Act.[1] Green alleges that Sinnett, the Adams County District Attorney, has conspired to commit fraud by ignoring the facts that are "right in front of his face." Green complains that during his incarceration in the Adams County Adult Correctional Facility, he was attacked by an inmate and taken to the hospital for a CAT scan. He alleges that he is under imminent danger of serious physical injury because he has a hard time sleeping, his vision is poor, and he suffers from migraines and memory loss.

Green requests that the court dismiss his criminal case in the state court[2] based on fraud and he seeks the maximum remedy for false imprisonment and pain and suffering. He requests $150,000 in damages, that federal charges be filed

---

[1] Although Green does not specify, we assume he is referring to the Corporate and Criminal Fraud Accountability Act of 2002. Pub. L. 107-204, 116 Stat. 745, enacted July 30, 2002. This Act is commonly referred to as the Sarbanes Oxley Act.

[2] To the extent that Green is seeking release from prison, he cannot seek such relief in this action.

against Franklin for her fraudulent activities and against Sinnett for his conspiracy. He asks for $50,000 from each defendant.

**III. Screening of *In Forma Pauperis* Complaints.**

    **A. Standard of Review.**

This Court has a statutory obligation to conduct a preliminary review of *pro se* complaints brought by prisoners given leave to proceed *in forma pauperis* in cases that seek redress against government officials. Specifically, the court must review the complaint in accordance with 28 U.S.C. § 1915A, which provides, in pertinent part:

> **(a) Screening.**—The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> **(b) Grounds for dismissal.**—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
>     **(1)** is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>     **(2)** seeks monetary relief from a defendant who is immune from such relief.

Under Section 1915A, the court must assess whether a *pro se* complaint "fails to state a claim upon which relief may be granted." This statutory text mirrors the language of Rule 12(b)(6) of the Federal Rules of Civil Procedure,

3

which provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6).

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 677-78 (2009). The statement required by Rule 8(a)(2) must give the defendant fair notice of what the plaintiff's claim is and of the grounds upon which it rests. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Detailed factual allegations are not required, but more is required than labels, conclusions, and a formulaic recitation of the elements of a cause of action. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "In other words, a complaint must do more than allege the plaintiff's entitlement to relief." *Fowler v. UPMC Shadyside,* 578 F.3d 203, 211 (3d Cir. 2009). "A complaint has to 'show' such an entitlement with its facts." *Id.*

In considering whether a complaint fails to state a claim upon which relief may be granted, the court must accept as true all well-pleaded factual allegations in the complaint, and all reasonable inferences that can be drawn from the complaint must be construed in the light most favorable to the plaintiff. *Jordan v. Fox Rothschild, O'Brien & Frankel, Inc.,* 20 F.3d 1250, 1261 (3d Cir. 1994). A court, however, "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss." *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902,

906 (3d Cir. 1997). Additionally, a court need not "assume that a . . . plaintiff can prove facts that the . . . plaintiff has not alleged." *Associated Gen. Contractors of Cal. v. California State Council of Carpenters,* 459 U.S. 519, 526 (1983).

Following *Twombly* and *Iqbal,* a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, it must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation. In practice, consideration of the legal sufficiency of a complaint entails a three-step analysis:

> First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'

*Santiago v. Warminster Twp.,* 629 F.3d 121, 130 (3d Cir. 2010) (quoting *Iqbal,* 556 U.S. at 675 & 679).

A complaint filed by a *pro se* litigant is to be liberally construed and "'however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson,* 551 U.S. at 94 (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). Nevertheless, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013). Thus, a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, a *pro se* complaint

5

must recite factual allegations that are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a "short and plain" statement of a cause of action.

### B. The Complaint Fails to State a Claim Upon Which Relief May Be Granted.

Green's complaint is brought pursuant to 42 U.S.C. § 1983, which provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

Section 1983 "does not create any new substantive rights but instead provides a remedy for the violation of a federal constitutional or statutory right." *Shuman v. Penn Manor Sch. Dist.*, 422 F.3d 141, 146 (3d Cir. 2005). To establish a claim under § 1983, the plaintiff must establish a deprivation of a federally protected right and that this deprivation was committed by a person acting under color of state law. *Woloszyn v. County of Lawrence*, 396 F.3d 314, 319 (3d Cir. 2005). The requirement that a defendant act under color of state law is essential in order to

establish a claim under § 1983. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

Here, Green fails to allege that he was deprived of a federally protected right and that the defendants deprived him of these rights while acting under color of law; in fact, his complaint fails to allege any facts supporting his claims against the named defendants. Although Green has attached numerous exhibits to his complaint, he fails to allege how the named defendants violated his rights. Furthermore, to the extent that Green is attempting to bring claims under the Corporate and Criminal Fraud Accountability Act of 2002, this Act would not apply because his claims of fraud arise from a criminal matter. Therefore, his claims do not relate to the protection of securities investors as provided for by the Act.

Green is also seeking immediate release from prison, a form of relief that is appropriate only in a habeas corpus action, not a civil rights action under 42 U.S.C. § 1983. For Green's benefit, we note that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez,* 411 U.S. 475, 484, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). When a prisoner "is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a

speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Id.* at 500. "Conversely, when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction" a civil rights action is appropriate. *Learner v. Fauver,* 288 F.3d 532, 542 (3d Cir. 2002).

**C. Leave to Amend.**

On May 16, 2017, this Court informed Green of the foregoing deficiencies in his original complaint and directed him to file an amended complaint, which he failed to do. Although the order, which was mailed to him, was returned with an indication that Green was released, Green, as a pro se litigant, had the obligation to maintain a current address with the clerk upon release. *See* M.D. L.R. 83.18 ("Whenever a party by whom or on whose behalf an initial paper is offered for filing is not represented in the action, such party shall maintain on file with the clerk a current address at which all notices and copies of pleadings, motions or papers in the action may be served upon such party."). Green, however, has failed to do this. Thus, not only should Green's complaint be dismissed for failure to state a claim upon which relief may be granted, but his failure to file an amended complaint and his failure to keep the Court apprised of his address also evinces a lack of prosecution on his part.

**IV. Recommendation.**

Based on the foregoing, we recommend that the complaint be dismissed and that the case file be closed.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.
>
> Failure to file timely objections to the foregoing Report and Recommendation may constitute a waiver of any appellate rights.

Submitted this 7th day of August 2017.

*S/ Susan E. Schwab*
Susan E. Schwab
United States Chief Magistrate Judge

9